*Mr. Wailes* moved that an order should be made that these witnesses may be examined *de bene esse.* He alleged that Hanson is a seafaring man and is likely to be going to sea. Neither of them are aged or infirm.

THE CHANCELLOR. The affidavit should state the fact that Hanson is a seafaring man and should show some reason why the case should be proceeded in differently from common cases. That the witnesses exclusively know the facts is no reason for granting the motion. There are two witnesses to the fact; and a knowledge of the fact does not remain with one only. If the affidavit were to state that Hanson is a seafaring man and likely to be absent, his deposition might be taken *de bene esse;* and so if any reason were assigned to show that the complainant was in danger of losing the testimony of Simmons.

Motion refused.

An additional affidavit was filed and the order was made.

ANN CLARK and ELIZABETH CLARK, Administrators d. b. n. by RICHARD CLARK, who was Administrator of John Clark, d. b. n. by MARY CLARK and WILLIAM CLARK, who were Administrators of John Clark, v. MARY KEAN, MATTHEW KEAN and JOHN STOCKTON, Administrators of Thomas Kean, and GEORGE READ, Esq.

Court of Chancery. New Castle. April 22, 1820.

*Ridgely's Notebook III, 100.*

HANNAH RICE et al v. CALEB HARLAN.

Court of Chancery. New Castle. April 24, 1820.

*Ridgely's Notebook III, 102.*